IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DONNIE HICKMAN HOWARD | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-10-CV-0977-K |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Donnie Hickman Howard, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the case should be dismissed without prejudice.

I.

On May 14, 2010, petitioner filed this action challenging his conviction and five-year sentence for aggravated kidnaping. However, the application for writ of habeas corpus was not signed by petitioner or his attorney as required by 28 U.S.C. § 2242 and the federal rules.[1] By order dated May 20, 2010, petitioner was instructed to file a signed habeas petition within 20 days. No action was taken in response to that order. On June 18, 2010, the court again ordered petitioner to

---

[1] Section 2242 provides, in pertinent part, that an "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." *See* 28 U.S.C. § 2242. At least two federal rules impose similar requirements. *See* FED. R. CIV. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."); Rule 2(c)(5), Rules Governing Section 2254 Cases (requiring habeas petition to "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242"). Although petitioner included a signed copy of his application for state post-conviction relief as an attachment to his federal habeas petition, he did not sign his federal writ. (*See* Hab. Pet. at 9).

file a signed application for writ of habeas corpus within 20 days. This time, petitioner was warned that "the failure to comply with this order may result in the imposition of sanctions, including dismissal of this action for want of prosecution." To date, petitioner still has not submitted a signed habeas petition. The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court twice ordered petitioner to submit a signed application for writ of habeas corpus. Both orders have been ignored. Unless petitioner submits a signed habeas petition, his pleadings do not comply with federal law and this action cannot proceed. Dismissal is the only option available under these circumstances. *See Brush v. Texas*, No. 3-03-CV-1017-D, 2003 WL 21353907 at *2 (N.D. Tex. Jun. 6, 2003), *rec. adopted*, (N.D. Tex. Jun. 27, 2003) (dismissing habeas case for, *inter alia*, ignoring a court order requiring petitioner to file a proper pleading).

**RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 23, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE